1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6 EUREKA DIVISION

7

8 LEWIS W. JOHNSON,                           Case No. 19-cv-03936-RMI

9               Plaintiff,

10        v.                                  **ORDER OF DISMISSAL WITH LEAVE
                                              TO AMEND**
11 PATRICIA HERNANDEZ, et al.,                Re: Dkt. No. 1

12               Defendants.

13

14        Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983.  He

15 has been granted leave to proceed *in forma pauperis*.

16                                    **DISCUSSION**

17        **Standard of Review**

18        Federal courts must engage in a preliminary screening of cases in which prisoners seek

19 redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §

20 1915A(a). In the course of this review, the court must identify any cognizable claims, and dismiss

21 any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,

22 or those which seek monetary relief from a defendant who is immune from such relief. *See id*. at

23 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*,

24 901 F.2d 696, 699 (9th Cir. 1990).

25        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

26 claim showing that the pleader is entitled to relief."  While specific facts are not necessary, the

27 statement should impart fair notice of the nature of the claim and the grounds upon which it rests.

28 *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). While it is true that a complaint "does not need

1  detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

2  to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

3  cause of action will not do . . . [the] [f]actual allegations must be enough to raise a right to relief

4  above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

5  omitted). A complaint must therefore proffer "enough facts to state a claim to relief that is

6  plausible on its face." *Id*. at 570. The "plausible on its face" standard of *Twombly* has been

7  explained as such: "[w]hile legal conclusions can provide the framework of a complaint, they must

8  be supported by factual allegations. When there are well-pleaded factual allegations, a court

9  should assume their veracity and then determine whether they plausibly give rise to an entitlement

10  to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

11  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

12  that a right secured by the Constitution or laws of the United States was violated; and, (2) that the

13  alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*,

14  487 U.S. 42, 48 (1988).

15  **Legal Claims**

16  Plaintiff alleges that he tripped and fell at his prison job severely injuring himself.

17  The Constitution does not mandate comfortable prisons, but neither does it permit

18  inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner

19  receives in prison and the conditions under which he is confined are subject to scrutiny under the

20  Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). In its prohibition of "cruel

21  and unusual punishment," the Eighth Amendment places restraints on prison officials, who may

22  not, for example, use excessive force against prisoners. *See Hudson v. McMillian*, 503 U.S. 1, 6-7

23  (1992). The Amendment also imposes duties on these officials, who must provide all prisoners

24  with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and

25  personal safety. *See Farmer*, 511 U.S. at 832. A prison official violates the Eighth Amendment

26  when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently

27  serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the

28  prison official possesses a sufficiently culpable state of mind, *id*. (citing *Wilson*, 501 U.S. at 297).

2

1      Neither negligence nor gross negligence will constitute deliberate indifference. *See Farmer*

2  at 835-37 & n.4.  A prison official cannot be held liable under the Eighth Amendment for denying

3  a prisoner humane conditions of confinement unless the standard for criminal recklessness is met,

4  that is, the official knows of and disregards an excessive risk to inmate health or safety.  *See id*. at

5  837.

6      "In a § 1983 or a *Bivens* action – where masters do not answer for the torts of their servants

7  – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government

8  official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556

9  U.S. at 677 (finding under *Twombly*, 550 U.S. at 544, and Rule 8 of the Federal Rules of Civil

10  Procedure, that complainant-detainee in a *Bivens* action failed to plead sufficient facts "plausibly

11  showing" that top federal officials "purposely adopted a policy of classifying post-September-11

12  detainees as 'of high interest' because of their race, religion, or national origin" over more likely

13  and non-discriminatory explanations).

14      A supervisor may be liable under section 1983 upon a showing of (1) personal

15  involvement in the constitutional deprivation or (2) a sufficient causal connection between the

16  supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991,

17  1003-04 (9th Cir. 2012). Even if a supervisory official is not directly involved in the allegedly

18  unconstitutional conduct, "[a] supervisor can be liable in this individual capacity for his own

19  culpable action or inaction in the training, supervision, or control of his subordinates; for his

20  acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous

21  indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (citation

22  omitted). The claim that a supervisory official "knew of unconstitutional conditions and 'culpable

23  actions of his subordinates' but failed to act amounts to 'acquiescence in the unconstitutional

24  conduct of his subordinates' and is 'sufficient to state a claim of supervisory liability.'" *Keates v.*

25  *Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (quoting *Starr*, 652 F.3d at 1208) (finding that

26  conclusory allegations that supervisor promulgated unconstitutional policies and procedures which

27  authorized unconstitutional conduct of subordinates do not suffice to state a claim of supervisory

28  liability).

3

1    Plaintiff states that while working at his job at a warehouse in the prison, he tripped over a

2    hazard and suffered a severe injury. *Compl.* (dkt. 1) at 3. Plaintiff adds that Defendants failed to

3    provide a safe work environment, and neglected to identify and repair an unspecified tripping

4    hazard. *Id*. While Plaintiff identities three Defendants on the coversheet of the Complaint, Plaintiff

5    fails to describe their individual actions or omissions in the body of the Complaint. To proceed

6    with a civil rights action, Plaintiff must identify the specific actions of each individual defendant

7    and describe how they violated his constitutional rights. If a defendant is a supervisor, Plaintiff

8    must describe that person's involvement. Plaintiff must also provide more information regarding

9    the hazard that caused him to fall. Plaintiff is also reminded that it is not enough that Defendants

10   may have been negligent; instead, Plaintiff must present allegations that demonstrate an Eighth

11   Amendment violation in that Defendants were deliberately indifferent to his safety.

12   To the extent plaintiff argues that the requirements of his job led to the injury, the Eighth

13   Amendment is implicated in prison work claims only if the prisoner has alleged that he was

14   compelled to perform "'physical labor which [was] beyond [his] strength, endanger[ed his life] or

15   health, or cause[d] undue pain.'" *Morgan v. Canady*, 465 F.3d 1041, 1045 (9th Cir. 2006) (quoting

16   *Berry v. Bunnel*, 39 F.3d 1056, 1057 (9th Cir. 1994) (*per curiam*)). Accordingly, the Complaint is

17   dismissed with leave to amend for Plaintiff to provide more information with respect to the legal

18   standard set forth above.

19   **CONCLUSION**

20   1.  The complaint is **DISMISSED** with leave to amend in accordance with the standards

21   set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date

22   this Order is filed and must include the caption and civil case number used in this Order and the

23   words AMENDED COMPLAINT on the first page. Because an amended complaint completely

24   replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See*

25   *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material

26   from the original complaint by reference. Failure to amend within the designated time will result

27   in the dismissal of this case.

28   2.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court

4

1    informed of any change of address by filing a separate paper with the clerk headed "Notice of

2    Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so

3    may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

4    Procedure 41(b).

5         **IT IS SO ORDERED.**

6    Dated: October 10, 2019

7

8    _____

9    ROBERT M. ILLMAN
     United States Magistrate Judge