UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEWIS W. JOHNSON,

   Plaintiff,

  v.

PATRICIA HERNANDEZ,

   Defendant.

Case No. 19-cv-03936-YGR (PR)

**ORDER OF DISMISSAL**

I. **BACKGROUND**

  This suit was reassigned from a magistrate judge to the undersigned in light of a Ninth Circuit decision.[1] Plaintiff, a state prisoner at the Correctional Training Facility ("CTF"), filed a *pro se* complaint for damages under 42 U.S.C. § 1983. Plaintiff has since filed an amended complaint, which is the operative complaint in this action. Dkt. 10. He seeks compensatory and punitive damages. *Id.* at 3. He has been granted leave to proceed *in forma pauperis* ("IFP"). Dkt. 8.

  Magistrate Judge Robert M. Illman conducted an initial screening of the original complaint pursuant to 28 U.S.C. § 1915A(a). *See* Dkt. 9. Plaintiff alleged in the original complaint that on September 27, 2018, he tripped and fell at his prison job severely injuring himself, and Magistrate Judge Illman dismissed the complaint with leave to amend, stating as follows:

> Plaintiff states that while working at his job at a warehouse in the prison, he tripped over a hazard and suffered a severe injury. *Compl.* (dkt. 1) at 3. Plaintiff adds that Defendants failed to provide a safe work environment, and neglected to identify and repair an unspecified tripping hazard. *Id*. While Plaintiff identities three Defendants on the coversheet of the Complaint, Plaintiff fails to describe their individual actions or omissions in the body of the Complaint. To proceed with a civil rights action, Plaintiff must identify the specific actions of each individual defendant and describe how they violated his constitutional rights. If a defendant is a supervisor, Plaintiff must describe that person's involvement. Plaintiff must also provide more information regarding the hazard that caused him to fall. Plaintiff is also reminded

---

[1] *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial screening because unserved defendants had not consented to proceed before magistrate judge).

> that it is not enough that Defendants may have been negligent; instead, Plaintiff must present allegations that demonstrate an Eighth Amendment violation in that Defendants were deliberately indifferent to his safety.
>
> To the extent plaintiff argues that the requirements of his job led to the injury, the Eighth Amendment is implicated in prison work claims only if the prisoner has alleged that he was compelled to perform "'physical labor which [was] beyond [his] strength, endanger[ed his life] or health, or cause[d] undue pain.'" *Morgan v. Canady*, 465 F.3d 1041, 1045 (9th Cir. 2006) (quoting *Berry v. Bunnel*, 39 F.3d 1056, 1057 (9th Cir. 1994) (*per curiam*)). Accordingly, the Complaint is dismissed with leave to amend for Plaintiff to provide more information with respect to the legal standard set forth above.

*Id.* at 4. Magistrate Judge Illman granted Plaintiff twenty-eight days to file an amended complaint to cure the pleading deficiencies, or to suffer dismissal of the action. *Id.*

Plaintiff subsequently filed a timely amended complaint. Dkt. 10. In his amended complaint, Plaintiff only names one of the three original Defendants, his "Culinary Supervisor," CTF Supervising Correctional Cook Patricia Hernandez (hereinafter "Defendant"). *Id.* at 2. As explained above, Magistrate Judge Illman directed Plaintiff to "identify the specific actions of each individual defendant and describe how they violated his constitutional rights [and] [i]f a defendant is a supervisor, Plaintiff [was directed to] describe that person's involvement." Dkt. 9 at 4. Plaintiff was also directed to "provide more information regarding the hazard that caused him to fall." *Id.* Finally, Plaintiff was "also reminded that it is not enough that Defendants may have been negligent; instead, Plaintiff [was directed to] present allegations that demonstrate an Eighth Amendment violation in that Defendants were deliberately indifferent to his safety." *Id.*

As mentioned above, this case was then reassigned to the undersigned judge. Dkts. 11, 12.

In his amended complaint, Plaintiff alleges that on September 27, 2018, "while working at the back door/culinary warehouse" of CTF, he "tripped over a metal door sill that had become raised approx. 1/2 inch from flush to floor." Dkt. 10 at 3. As a result, he "suffered a severe injury." *Id.* Plaintiff claims "[t]his hazard had been brought to [Defendant] and one small repair was made to the hazard but [it was] not completely [fixed]." *Id.* Plaintiff claims Defendant "was fully aware of the hazard prior to [Plaintiff's] incident and as result of [Plaintiff's] misfortune the hazard was repaired . . . ." *Id.* In essence, Plaintiff claims that Defendant "did have knowledge of the hazard, but failed to act until after [the] accident and subsequent litigation." *Id.*

Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc). But under both clauses, the inmate must show that the prison official acted with deliberate indifference. *Id.* at 1068. Negligence will not do. *See Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994) (negligence not actionable under section 1983 in prison context). A convicted inmate asserting an Eighth Amendment claim must prove that the prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. A pretrial detainee asserting a Fourteenth Amendment claim must prove "more than negligence but less than subjective intent—something akin to reckless disregard." *Castro*, 833 F.3d at 1071.

Although regrettable, Plaintiff's allegations that he tripped over a raised metal door sill on September 27, 2018 must be dismissed because it amounts to no more than a claim for negligence, which is not actionable under section 1983. *See Farmer*, 511 U.S. at 835-36 & n.4. Plaintiff also mentions that prison staff attempted to repair the raised metal door, but failed to complete the job, which shows negligence. Furthermore, Plaintiff has not alleged that the requirements of his job led to the injury. And, even if he did, the Eighth Amendment would not be implicated in Plaintiff's prison work claim because he has not alleged that he was compelled to perform "'physical labor which [was] beyond [his] strength, endanger[ed his life] or health, or cause[d] undue pain.'" *See Morgan*, 465 F.3d at 1045.

In sum, the Court has reviewed Plaintiff's amended complaint and finds that it does not cure the pleading deficiencies identified in the Court's Order dismissing the original complaint with leave to amend. Again, at most Plaintiff's allegations amount only to negligence, which is not actionable in federal court. Any claim for negligence must be pursued in state court. Accordingly, Plaintiff's claims are DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

**II. CONCLUSION**

For the foregoing reasons, the complaint is DISMISSED under 28 U.S.C. § 1915A(b) for

failure to state a claim under section 1983 but without prejudice to seeking relief in state court.

Further, this Court CERTIFIES that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk of the Court shall terminate any pending motions as moot and close the file.

IT IS SO ORDERED.

Dated: April 20, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge